UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GAVIN RICHARD | CIVIL ACTION |
| VERSUS | NO. 25-327 |
| GOOGLE LLC, ET AL. | SECTION "O" |

### ORDER AND REASONS

Before the Court is Plaintiff Gavin Richard's ("Plaintiff") motion to remand[1] this matter to the First City Court of the City of New Orleans. Defendants Google LLC and YouTube, LLC ("Defendants") oppose the motion.[2] For the following reasons, the Court **DENIES** Plaintiff's motion.

I. BACKGROUND

On January 3, 2025, Plaintiff filed a two-count Petition for Damages ("Petition") in the First City Court of the City of New Orleans, Louisiana ("City Court"), concerning alleged restrictions placed by Defendants on Plaintiff's YouTube channels and removal of certain of his videos for violating the YouTube terms of service.[3] Plaintiff alleges that Defendants "falsely flagged" his YouTube channels for copyright violations, hate speech, cyber bullying, and/or harassment, and that Defendants later placed a permanent "community guidelines warning" on Plaintiff's channel.[4] Plaintiff further alleges that YouTube "demonetized" his channel for

---

[1] ECF No. 12.
[2] ECF No. 13.
[3] ECF No. 2-1.
[4] *Id.* ¶¶ 13-15.

violating the company's Community Guidelines prohibiting "harassment and cyberbullying."[5]

Plaintiff's Petition seeks damages and a ruling that Defendants' enforcement of their internal content moderation policies violates his freedom of speech and is therefore unconstitutional under the First and Fourteenth Amendments to the U.S. Constitution and Article I, Section 7 of the Louisiana Constitution.[6] The Petition also asserts a state law defamation claim.[7]

On February 14, 2025, Defendants filed a Notice of Removal.[8] In the Notice of Removal, Defendants argue that this Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1441 (removal jurisdiction) due to Plaintiff's allegations that Defendants violated his rights under the United States Constitution. Defendants also allege that this Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).[9]

On March 6, Plaintiff filed a Motion to Remand the case to City Court,[10] which Defendants opposed.[11]

---

[5] *Id.* ¶¶ 19-21.
[6] *Id.* Count I. Plaintiff's Petition refers to the "Louisiana Seventh Amendment of the state constitution, which guarantees Freedom of Expression." *Id.* ¶ 26. The right to freedom of expression, however, is guaranteed at Article I, Section 7 of the Louisiana Constitution. *See* La. Const. art. I § 7 ("No law shall curtail or restrain the freedom of speech or of the press. Every person may speak, write, and publish his sentiments on any subject, but is responsible for abuse of that freedom.")
[7] *Id.* Count II.
[8] ECF No. 2. Defendants also moved to transfer this action to the U.S. District Court for the Northern District of California pursuant to the forum selection clause in YouTube's terms of service, ECF No. 8, and to stay the action pending the Court's transfer decision, ECF No. 9.
[9] ECF No. 2.
[10] ECF No. 12.
[11] ECF No. 13.

## II.   ANALYSIS

Plaintiff argues that his Petition is chiefly grounded in his state law claims of defamation and violation of his freedom of expression under the Louisiana Constitution. Plaintiff contends that this Court therefore lacks subject matter jurisdiction. The Court disagrees.

A defendant may remove a civil action filed in state court if a federal court would have original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Court applies the "well-pleaded complaint rule" to determine whether a suit arises under federal law, asking "whether the plaintiff has affirmatively alleged a federal claim." *New Orleans & Gulf Coast Ry. Co. v. Barrois,* 533 F.3d 321, 328 (5th Cir. 2008).

As the removing party here, Defendants "bear[] the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted). The Court "construe[s]" "[a]ny ambiguities . . . against removal because the removal statute should be strictly construed in favor of remand." *Id.* (citation omitted). Here, Plaintiff brings a claim for damages alleging that Defendants' actions "violated the plaintiff's First & Fourteenth Amendment Rights pursuant to the United States Constitution."[12] This claim "satisfies the well-pleaded complaint rule." *Google, Inc. v. Hood*, 822 F.3d 212, 221 (5th Cir. 2016). Defendants have therefore carried their

---

[12] ECF No. 2-1 Count I.

3

burden of showing federal jurisdiction. *See Perry v. Bogalusa City Council*, 2012 WL 255776, *2-3 (E.D. La. Jan. 27, 2012) (denying motion to remand because district court had original federal question jurisdiction over case asserting federal constitutional claim under the Fourteenth Amendment).

Plaintiff also asserts a separate state law defamation claim and a claim that his right to freedom of expression under the Louisiana Constitution was violated. Under 28 U.S.C. § 1367(a), federal courts have supplemental jurisdiction over claims that "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." In other words, federal courts have supplemental jurisdiction over claims that do not "independently come within the jurisdiction of the district court but form part of the same Article III 'case or controversy.'" *State Nat. Ins. Co. Inc. v. Yates*, 391 F.3d 577, 579 (5th Cir. 2004) (citation omitted).

Here, Plaintiff's federal and state claims both arise out of the same operative facts—*i.e.*, that Defendants "wrongfully censored the plaintiff's channel" by targeting it for "shadow banning" and removing certain videos in violation of YouTube's hate speech policies.[13] Because the same set of operative facts control Plaintiff's federal and state claims, this Court may exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(a); *Halmekangas v. State Farm Fire & Cas. Co.,* 603 F.3d 290, 293 (5th Cir.2010) ("[I]f a plaintiff files suit in state court alleging

---

[13] ECF No. 12-1 at 2.

4

both federal and state claims arising out of the same controversy, the entire action may be removed to federal court.").

Finally, Plaintiff asserts that he "intends to amend his petition and remove any claims under the First and Fourteenth Amendments" such that the only claims "would be brought under the laws of the state of Louisiana."[14] As it stands, Plaintiff has not done so. This Court thus retains subject matter jurisdiction over the case.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's motion[15] to remand is **DENIED**.

New Orleans, Louisiana, this 15th day of August, 2025.

_____
BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[14] *Id.* at 3.
[15] ECF No. 12.